CHARLES M. KESLER ET AL., PROSECUTORS, v. ATLANTIC
COUNTY ET AL., RESPONDENTS.

Argued November 8, 1923—Decided March 3, 1924.

Road Contracts—Specifications Not in Accordance With the Act
of 1918, in That It Does Not Contain Necessary Provision
for Wages for Inspectors—Uncertainty Regarding the Name
of Bidder or Bidders.

On *certiorari.*

Before Justices TRENCHARD and PARKER.

For the prosecutors, *Cole & Cole.*

For the respondents, *Enoch A. Higbee.*

PER CURIAM.

This is a *certiorari* to review a resolution of the board of
freeholders of the county of Atlantic, dated August 8th,
1923, which reads, in part, as follows:

"Be it resolved that a contract for the reconstruction of
the Absecon Boulevard be and is hereby awarded to C. H.
Earle at the total lump sum bid of $935,711.71, this being
the lowest regular bid submitted in response to public ad-
vertisement," &c.

"Be it further resolved that the county solicitor be and
is hereby authorized and directed to prepare a contract * * *.
Contract awarded subject to sale and delivery of bond to be
issued for the payment of said improvement."

The award of the contract is attacked for two reasons, and
our conclusion is that both are well taken. The first reason
is that the resolution in question is based on specifications
which do not comply with the act of 1918, chapter 185.
That act provides (section 504, on page 577) that every con-
tract for any work requiring inspection shall contain a pro-

vision for deduction from the contract price of wages to be paid by the said county to inspectors for any number of days in excess of the number stated in the specifications as the number of working days to be allowed for the completion of such work. So far as the contract is before us, it contains no such requirement. There is a provision for payment of inspectors by the contractor in case of extension of time; but the prosecutor argues, and as we think properly, that this is not sufficient to cover delays that are not acceded to by the county. It is further argued for the defense that there is a penalty of $100 per day for delay and that that substantially protects the county as though the statutory clause were present; but it cannot be said that this penalty clause was intended for any such purpose, and all reasonable assumptions are that it was intended to secure the completion of the contract on time.

It is further argued for the respondent that this requirement of the statute calls for the insertion of the provision in the contract and that as yet no contract has been made. It is true that the contract has not formally been executed; but it is ripe for execution, and its execution was prevented only by the interposition of the present writ.

Now, the situation as between the parties is as follows: The specifications and forms for bid, name and certificate of surety, contract, contractor's bond and justification of surety were prepared by the county engineer, advertised as required by law, and the bids were presented in due course, opened and read, and "C. H. Earle" appeared to be the lowest bidder. The specifications take up some eighty-five pages of the printed case. It was upon these that the bids were submitted and considered and the resolution of award was made. The argument now is that as the act requires this provision in the contract it will be sufficient if it be inserted in the contract when that document is prepared for formal execution. We think, however, that this would be adding a new condition after the terms of the contract had been definitely settled by the specifications and the bids. The bids were based upon the specification and nothing else. Those speci-

fications provided, apparently, for everything that was to be stipulated between the parties, including the form of surety bond and sufficiency of sureties, &c. No contractor could be compelled to agree in a formal contract to such a stipulation as that quoted from the statute, as, in fact, the only contract that could properly be made based upon the specifications and the bids is that the contractor will perform the work according to the specifications. We think, therefore, that a resolution based upon specifications not complying with this feature of the statute should not be allowed to stand.

The other objection to the award of the contract is based upon the uncertainty and ambiguity with regard to the name of the bidder or bidders. The successful bid was signed "Carroll H. Earle and Ralph D. Earle, trading as 'C. H. Earle,'" in compliance with the parenthetical instruction printed on the bid, that if bid is by a partnership, all partners should sign; if by a corporation, the properly authorized officers must sign. It is plain that the bidder was a partnership. The award was to "C. H. Earle," without specifying whether it was a partnership or an individual; but when we come to examine the presentation of a surety by the successful bidder it reads as follows:

"I herewith submit the name of the surety company, authorized to do business in the State of New Jersey, which will become surety on the bond, as called for in the notice to bidders, and these specifications, in the event that the contract is awarded to *me*, and its certificate setting forth its authority and its consent to become surety on the bond."

This is, on its face, the proffer of a surety by an individual and it seems plain to us that if the resolution should be upheld C. H. Earle would be entitled to present a surety bond covering only his acts as an individual and that, perhaps, the county would be bound to accept it.

These two considerations leave the contractual condition of the parties at least in such a state of dubiety as in our judgment to require this court to set aside the resolution.